IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COUNTRYWIDE HOME LOANS, INC., )
                              )
                              )   Civil Action No. 08-027
              Plaintiff,      )
                              )   Chief Judge Ambrose
        v.                    )   Magistrate Judge Caiazza
                              )
COMMONWEALTH LAND TITLE       )
INSURANCE CO.,                )
                              )
              Defendant.      )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the District Court deny the Defendant Commonwealth Land Title Insurance Company's ("Defendant" or "Commonwealth") Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 9).

### II. REPORT

#### A. Background

The Plaintiff Countrywide Home Loans, Inc. ("Plaintiff" or "Countrywide") filed this action against Commonwealth on January 7, 2008. (Doc. 1). In its Complaint Countrywide alleges that the Defendant incorrectly and unreasonably denied coverage under a valid and enforceable title insurance policy ("the Policy"). (See id.). Countrywide seeks a declaratory judgment that the policy is valid and coverage exists, and asks that the Defendant be ordered to honor the terms of the Policy. (Id.).

On or about December 29, 2005, Adam and Jennifer Wallace ("the Mortgagors") executed and delivered a mortgage to Countrywide in the amount of $127,500.00. (Doc. 1 at ¶ 7). The Mortgagors defaulted on the mortgage, failing to make their payment due February 1, 2006, and each following month. (Id. at ¶ 9). Shortly after the Mortgagors defaulted, Countrywide filed a mortgage foreclosure action against them seeking the sum of $130,453.85. (Id. at ¶ 10). When the Mortgagors failed to respond to the Complaint, a default judgment was entered against them; subsequently the judgment was vacated as to mortgagor Jennifer Wallace only. (Id. at ¶ 13; Doc. 10-2 at p. 6).

Thereafter - about December 2006- the parents of mortgagor Adam Wallace, Bruce and Carol Wallace ("Intervenors"), filed a Petition in the Court of Common Pleas to intervene in the mortgage foreclosure action. (Doc. 1 at ¶ 11). The Petition was granted and the Intervenors filed an Answer to the Complaint in the mortgage foreclosure action.(Id.). The mortgaged property was a one-acre plot on the Intervenors' land that had been previously transferred by the Intervenors to the Mortgagors. The Intervenors contend that the mortgage on the land is invalid because a subdivision contemplated by the Wallace family was never finalized and approved by Allegheny County. (Id. at ¶ 12). The Intervenors sought money damages from Countrywide and asked to have the mortgage in question marked as satisfied in order to

clear the Intervenors' title. (Id.).

On or about January 6, 2006, Countrywide and Commonwealth executed a title insurance contract for the mortgaged property. (Id. at ¶ 15; Doc. 1-3 at p. 2). Months later -on or about October 5, 2006- Countrywide submitted a claim to Commonwealth under the terms of the Policy. In correspondence with Countrywide spanning the year that followed, the Defendant repeatedly denied the claim. (Doc. 1 at ¶ 16). The Policy specifically states that Commonwealth insures against losses or damage sustained or incurred by reason of "any defect in or lien or encumbrance on the title" and "the invalidity or enforceability of the lien of the insured mortgage upon the title." (Id. at ¶ 17; Doc. 1-3 at p. 4). Commonwealth denied coverage based on the denial of the subdivision plan by Allegheny County. (Doc. 1 at ¶ 18).

In this declaratory judgment action, Countrywide now asserts that the claims advanced by the Intervenors in the mortgage foreclosure action alleging encumbrances on the title and challenging the enforceability of the lien are covered claims under the Policy it acquired from Commonwealth. (Id.). On January 30, 2008, the Intervenors filed a Praecipe to Discontinue their intervention in the foreclosure action without prejudice. (See Doc. 10-2 at p. 3).

B. **Standard of Review**

The Defendant has moved for dismissal pursuant to FED. R. CIV. P. 12(b)(6) or, in the alternative, summary judgment pursuant to FED. R. CIV. P. 56. Because Commonwealth does not rely on materials outside the pleadings, summary judgment under Rule 56 is inappropriate.[1] See Fagin v. Gilmartin, 432 F.3d 276, 280 (3d Cir. 2005)("Federal Rule of Civil Procedure requires conversion from a motion to dismiss to a motion for summary judgment when materials outside the pleadings are considered."). Therefore, Defendant's motion will be treated as one to dismiss.

Under the standard recently articulated in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12(b)(6) standard set out in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).[2] The court is not obligated to accept inferences if

---

[1] Defendant suggests that this court should consider the pleadings in the mortgage foreclosure action to be "extrinsic evidence," and thus outside the pleadings. (Doc. 10 at pp. 5-6). The argument lacks merit. The mortgage foreclosure action presents separate and distinct issues, and so has no bearing on the disposition of this motion.

[2] While it is certain that the Conley "no set of facts" standard has been abrogated, apparently for all cases, it is not clear that the Bell Atlantic plausibility standard is to be applied to all Rule 12(b)(6) cases given that Bell Atlantic was a case addressing a Sherman Act issue. In any event, even if the plausibility standard is not applicable to all civil cases, the standard of review is not particularly critical in this case, given that even under the more strict standard of Conley, this court would still have

they are unsupported by the facts set out in the complaint, *see* California Pub. Employee Retirement System v. The Chubb Corp., 394. F.3d 126, 143 (3d Cir. 2004)(citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)), and is not required to accept legal conclusions framed as factual allegations. Bell Atlantic, 127 S. Ct. at 1965. A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See* In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). With these standards as its guide, the court turns to the substance of Commonwealth's Motion.

### C. Analysis

Commonwealth argues that the question of whether Countrywide is entitled to seek declaratory relief was rendered moot when the Intervenors voluntarily withdrew from the mortgage foreclosure action. (Doc. 10 at p. 5). In support of their claim, Commonwealth argues that because the Intervenors are no longer parties to the underlying mortgage foreclosure action, Countrywide is now precluded from obtaining the relief which it seeks in this court. (Id. at p. 6). This court disagrees.

The Declaratory Judgment Act [3] provides a remedy that may be

---

recommended the denial of the Motion.

[3] 28 U.S.C. § 2201(a) provides:
> In a case of actual controversy within its jurisdiction...any court of the United States upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further

used by the federal courts in appropriate circumstances. A district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

The unique characteristics of the Act were first made clear by the Supreme Court in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942), a case involving a dispute between insurance companies. Brillhart emphasized that courts were under no compulsion to exercise jurisdiction under the Act. Id. at 494.

> Ordinarily it would be uneconomical as well as vexations for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of state court litigation should be avoided.

Id. at 495.

After articulating the rationale, the Court listed specific factors for district judges to consider when deciding whether to hear declaratory judgment actions. For cases like Brillhart, where courts must decide whether to hear declaratory judgment actions involving insurance coverage issues, the Third Circuit Court has suggested several considerations: (1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to

---

relief is or could be sought.

defend in a state court and its attempt to characterize that suit in a federal court as falling within the scope of a policy exclusion; and (3) avoidance of duplicative litigation. State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000). Subsequent decisions in this Circuit have concluded that where the Summy factors are not present, it is appropriate for the district court to retain jurisdiction and hear the case. *See, e.g.,* Atlantic Mutual Ins. Co. v. Gola, 84 Fed. Appx. 173, 175 (3d Cir. 2003)(affirming the dismissal of an action because Summy factors were present); Valley Forge Ins. Co. v. Melodini, 2008 U.S. Dist. LEXIS 7146, at *3-4 (W.D. Pa. Jan. 31, 2008)(same).

Here, the Plaintiff alleges, and this court agrees, that none of the Summy factors are present. While there is an ongoing state court proceeding -the mortgage foreclosure- Commonwealth is not a party to that action. Indeed, because issues relating to a mortgage foreclosure action and a land title insurance action present distinct questions that are unrelated, the Pennsylvania Rules of Civil Procedure prohibit joining Commonwealth as a party to the foreclosure proceeding. *See* PA. R. CIV. P. 1141-50. Again, the mortgage foreclosure action presents separate and distinct issues than those present here. Clearly, there is no risk of duplicative litigation or an overlap of issues between the two proceedings. Accordingly, the district court should exercise its discretion and hear this case on its

merits.

### III. CONCLUSION

For the reasons stated above, Defendant Commonwealth's Motion to Dismiss or, alternatively, Motion for Summary Judgment (Doc. 10), should be denied.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, objections to the Report and Recommendation are due by June 5, 2008. Responses to objections are due by June 17, 2008.

May 20, 2008

　　　　　　　　　　　　　　　　　　　／s／ Francis X. Caiazza
　　　　　　　　　　　　　　　　　　　Francis X. Caiazza
　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge