**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| COUNTRYWIDE HOME LOANS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-27 |
| v. | ) ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff filed this case on January 7, 2008. *See* Compl. (Doc. 1). One day later, the Court issued a Notice advising:

> The instant civil action has been designated for placement into the United States District Court for the Western District of Pennsylvania's Alternative Dispute Resolution (ADR) program.
>
> The parties are directed to fully complete the required Rule 26(f) report, which includes the stipulation of selecting an ADR process.
>
> For further information, parties should refer to Local Rule 16.2 and the Court's ADR Policies and Procedures, which can be accessed at the Court's website at www.pawd.uscourts.gov[.]

*See* ADR Notice (Doc. 3).

On January 13, 2009, counsel for the parties appeared before the undersigned for a settlement conference. *See* Min. Entry (Doc. 25). The Court called counsel's attention to the fact that, despite the parties' having been directed to engage in ADR, there was no indication in the record that they had done so. Counsel confirmed that ADR had not been conducted,

and the Court established concrete deadlines for the filing of an ADR stipulation and the completion of ADR.

The Court and parties also discussed Defendant's assertion that, although Plaintiff's insurance claim likely fell within the coverage of the policy in question, certain policy exclusions may apply. The Court directed the parties to confer regarding the policy exclusions in an effort to narrow their areas of dispute and/or to determine whether a temporary or final resolution of this case could be reached.

This was the extent of the material discussions at the January 13th Conference, and the Court advised that it would issue an Order memorializing its directions and setting a status conference to discuss the outcome of the parties' efforts.

The same day, the Court issued an Order stating:

> Consistent with the discussions at today's Conference: (1) **the parties shall file their ADR stipulation** (found at webpage: http://coldfusion.pawd.uscourts.gov/adr/pages/ADRInfo.cfm) **by 1/21/09**; (2) **the parties shall complete the ADR process by 2/27/09**; (3) **in the interim, counsel shall confer and determine whether they can reach agreement regarding coverage and/or the applicability of the policy exclusions identified by Defendant, in an effort to narrow their areas of dispute and/or to facilitate a final or temporary amicable resolution of this case**; and (4) a telephonic Status Conference is set for 3/17/09 at 2:15 p.m. . . .

Text Order dated Jan. 13, 2009 (emphasis added).

In preparation for the March 17, 2009 Conference, the Court reviewed the docket and found that the ADR Stipulation, ordered by January 21st, had not been filed. On March 12th, Chambers contacted Defense counsel to inquire whether ADR had been conducted, and counsel advised that it had not.

The following day, counsel for the parties telephoned Chambers jointly and represented to the Court that, although they had received the "Minute Entry" (Doc. 25) indicating that an "Order [would] follow," neither party received the January 13th Order.

The Court find counsel's representations highly suspect, given the fact that text Orders routinely have been utilized in this case without event. The Court also notes that, despite the parties' claimed failure to receive the January 13th Order, counsel did not express surprise when Chambers referenced the March 17th Conference (an event discussed in the January 13th Order, and that Order alone).

Furthermore, the Court possesses an e-mail receipt confirming that the January 13th Order was transmitted that day at 11:14 a.m., Eastern Standard Time, to Plaintiff's counsel at the e-mail addresses, "bryce@ballardspahr.com" and "RombeauC@ballardspahr.com," and to Defense counsel at "jrm@muslaw.com," "lf@muslaw.com" and "muslawpitt@yahoo.com." *See* E-Mail Receipt (filed under Appendix A hereto).

Essentially, counsel would have the Court believe that either: (a) the CM/ECF system did not send the January 13th Order to the parties, notwithstanding the Court's e-mail receipt confirming the contrary, and despite the fact that all Court representatives listed on the receipt enjoyed delivery; or (b) that the five email accounts of counsel to which the Order was sent suffered a simultaneous failure on January 13th at 11:14 a.m., thereby preventing delivery of the Order to any one of those accounts.

Finally, even accepting counsel's representations as true, they offer no explanation why the parties did not seek clarification or guidance from the Court when the "Order to follow" was never received. Given that all provisions of the January 13th Order were discussed at the

Conference held that same day, and indeed were the only things of consequence addressed, counsel's excuses ring more than hollow.

In this technological age, the days of claiming "the dog ate my homework" are well over. "Parties have an obligation to monitor the court's docket to inform themselves as to the entry of orders," and this is "particularly [true] if an attorney's office is having problems with the receipt of electronic service." <u>Vega v. U.S.</u>, 2008 WL 4725454, *2 (Fed. Cls. Aug. 18, 2008). "Failure to receive electronic notice of the entry of orders is not an acceptable [excuse]" for a lack of compliance. *Id.*; *see also id.* ("[i]mperfect technology may make a better scapegoat than the family dog," but "counsel's effort at explanation, even taken at face value, is plainly unacceptable") (citation to quoted source omitted).

The parties were first advised regarding their obligation to engage in Court-mandated ADR over fourteen months ago, and their continued failure of compliance cannot, and will not, be tolerated. Accordingly, the telephone Conference scheduled for March 17, 2009 is hereby **CANCELLED**; the parties shall file their ADR stipulation **by March 23, 2009**; and they shall complete the ADR process **by April 3, 2009**.

A telephonic Status Conference is scheduled for **April 13, 2009 at 2:15 p.m.** Counsel shall contact Chambers on a single telephone line, and Plaintiff's counsel shall be responsible for initiating the call. In the interim, counsel shall confer and determine whether they can reach agreement regarding coverage and/or the applicability of the policy exclusions identified by Defendant, in an effort to narrow their areas of dispute and/or to facilitate an amicable resolution of this case.

4

Should the parties again fail to comply with the Court's directives, their counsel must be prepared to appear in open court and show cause why they should not be sanctioned and/or held in contempt.

IT IS SO ORDERED.


March 16, 2009                                      s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge

cc (via email and 1st Class U.S. Mail):

Martin C. Bryce, Jr., Esq.  (bryce@ballardspahr.com)
Charles L. Rombeau, Esq.  (RombeauC@ballardspahr.com)
Ballard, Spahr, Andrews & Ingersoll
1735 Market Street
51st Floor
Philadelphia, PA  19103-7599

James R. Mall, Esq.  (jrm@muslaw.com)
Meyer, Unkovic & Scott
1300 Oliver Building
Pittsburgh , PA  15222