IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COUNTRYWIDE HOME LOANS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 08-27 |
| v. | ) ) ) | Judge Ambrose<br>Magistrate Judge Bissoon |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

# **ORDER**

For the reasons that follow, the Court will accept submissions from the parties regarding Plaintiff's potential supplementation of its pleadings under Federal Rule of Civil Procedure 15(d).

Pursuant to Court Order, the parties have filed cross-Motions for Summary Judgment. *See* Docs. 37 & 42. In support of its Motion, Plaintiff relies on a "quiet title" action brought against it in state court in May, 2010 ("the Quiet Title action"). *See* Pl.'s Br. (Doc. 38) at 3 n.1, 4, 9 n.2, 10, 11-12. In response, Defendant argues that the Court should "disregard[]" Plaintiff's discussion of the Quiet Title action because Plaintiff has not amended its Complaint to assert claims regarding the same. *See* Def.'s Opp'n Br. (Doc. 50) at 7-8; *cf. also id.* at 7 (stating that Defendant "has not yet had the opportunity to review or respond to [Plaintiff's] notice" of insurance claim regarding Quiet Title action).

Defendant's reference to the amendment of pleadings is ill-suited. Events occurring subsequent to the commencement of a lawsuit are governed by Federal Rule 15(d), regarding "[s]upplemental pleadings." *See id.* ("a supplemental pleading [may be used to address]

any transaction, occurrence, or event that happened after the date of the pleading to be supplemented"); *see also* Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185, 1188 (3d Cir. 1979) ("[a supplemental pleading] refers to events that occurred after the original pleading was filed," whereas "an amendment . . . covers matters that occurred before the filing of the original pleading but were overlooked"). Supplemental pleadings "serve[] many important purposes," including the promotion of judicial economy, avoiding multiplicity of litigation, and encouraging "as complete an adjudication of the dispute between the parties as possible." Tormasi v. Hayman, 2010 WL 1878961, *2 (D. N.J. May 10, 2010) (citation to quoted sources omitted).

Although Plaintiff has not requested leave to supplement its pleadings, Plaintiff's reliance on the Quiet Title action, both in support of its Motion for Summary Judgment and in opposition to Defendant's Motion, clearly manifests an intention to rely on significant post-Complaint events. *See* discussion *supra* (noting Plaintiff's reliance on Quiet Title action in support of its Motion for Summary Judgment) *and* Pl.'s Opp'n Br. (Doc. 49) at 3 ("the [Q]uiet [T]itle action . . . removes any doubt that this case presents an actual and present controversy as to the validity of the [property] title [in question]"); *see also id.* at 2, 3-4, 5, 8 n.5 (similarly relying on Quiet Title action).

For these reasons, the parties shall, **by November 3, 2010**, make submissions regarding Plaintiff's potential supplementation of the Complaint. Any briefs filed in connection with this Order shall not exceed five pages in length.

IT IS SO ORDERED.

October 26, 2010                                  s/Cathy Bissoon
                                                                    Cathy Bissoon
                                                                    United States Magistrate Judge

cc (via ECF e-mail notification):

All Counsel of Record