# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC., | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 08-27 |
| v. | )<br>) Judge Ambrose |
| | ) Magistrate Judge Bissoon |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 42) will be denied, Plaintiff's Motion for Summary Judgment (Doc. 37) will be granted, and the Court will enter a judicial declaration that Defendant owes a duty to defend and indemnify Plaintiff under the parties' title insurance agreement, to the extent described below.

In this diversity action, Plaintiff seeks a judicial declaration that coverage exists under a land title insurance policy ("the Policy") issued by Defendant. *See generally* Compl. (Doc. 1). The Policy covers property ("the Property") mortgaged to Plaintiff by Adam Wallace ("the Mortgagor"). When the Mortgagor defaulted, Plaintiff brought a foreclosure action against him in state court ("the foreclosure action"). *See id.* at ¶ 10. Plaintiff requested coverage under the Policy when the parents of the Mortgagor, Bruce and Carol Wallace ("the Wallaces"), intervened in the foreclosure action and sought to have the mortgage invalidated based on their purported interests in the Property. *See generally id.* at ¶¶ 11-12. Although the Wallaces subsequently discontinued without prejudice their participation in the foreclosure action,

they filed a quiet title action against Plaintiff in state court on May 7, 2010 ("the quiet title action"). *See generally* Supp. Compl. (Doc. 59) at ¶ 8.[1]

Given that the quiet title action commenced well after the instant lawsuit was filed, the Court permitted Plaintiff to file a supplemental pleading addressing the same. *See* Order dated Nov. 4, 2010 (Doc. 58). Although Plaintiff's original Complaint sought only a declaration of "coverage,"[2] the Supplemental Complaint requests "payment of the full amount of insurance under the Policy," and a defense in the quiet title action. *See* Supp. Compl. at Wherefore clause.

Plaintiff's request for payment of the "full amount" under the Policy must be construed as a claim for indemnification. This is so because title insurance, by definition, "is an agreement to <u>indemnify</u> against loss through defects [in] title." *See* <u>Rood v. Commonwealth Land Title Ins. Co.</u>, 936 A.2d 488, 493 (Pa. Super. 2007) (collecting cases, citation to quoted source omitted, emphasis added). Given the pendency of the quiet title action, however, the Court cannot properly enter a judicial declaration that Defendant is required to indemnify Plaintiff in the full amount of the Policy. Rather, the Court must determine whether Defendant owes a duty to defend the quiet title action, and if Defendant does, there exists a concomitant duty to indemnify in the event that the Wallaces prevail. *See* <u>Gen'l Accid. Ins. Co. of Amer. v. Allen</u>, 692 A.2d 1089, 1095-96 (Pa. 1997) ("[t]he question before a court in a declaratory judgment action is not whether the insurer owes <u>indemnification</u> in a specific amount, which would be a premature inquiry absent a full resolution of the underlying action," but, rather, "whether the insurer has a

---

[1] In this Court, Plaintiff has described the foreclosure action as "pending . . . and unresolved." *See* Doc. 38 at 3 n.1. In state court, Plaintiff further has explained that default judgment has been entered in the foreclosure action against the Mortgagor. *See* Doc. 18 in <u>Bruce E. Wallace, et al., v. Countrywide Home Loans, Inc., et al.</u>, GD-10-009481 (Allegh. Cty. Comm. Pls.) at 5. Implicit in Plaintiff's assertions is the conclusion that, until the Wallaces' claims are resolved, Plaintiff cannot proceed with finality in the foreclosure action. *See* Doc. 38 at 13 (asserting essentially same).

[2] *See* Compl. at Wherefore clause.

2

duty to indemnify the insured in the event of liability in the underlying action") (emphasis in original); *see also* Scottsdale Ins. Co. v. City of Easton, 2010 WL 1857358, *4 (3d Cir. May 11, 2010) (duty to defend "carries with it a conditional obligation to indemnify in the event the insured is held liable for a claim covered by the policy") (quoting Allen) (emphasis added).[3]

Turning to Defendant's obligation to defend the quiet title action, Plaintiff is entitled to summary judgment. An insurer's duty to defend is broader than the duty to indemnify, and a defense is owed "if the factual allegations of the [underlying] complaint . . . encompass an injury that is actually or potentially within the scope of the policy." American & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc., 2 A.3d 526, 540-41 (Pa. 2010) (citations omitted). "It is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend. *Id.* at 541. In making this determination, the factual allegations of the underlying complaint are taken as true and liberally construed in favor of the insured. *Id.*

In the quiet title action, the Wallaces allege, among other things: that they "own[ the Property] entirely"; that the deed transferring the Property from the Wallaces to the Mortgagor ("the Deed") was rejected by the county, and therefore "[did] not effectively convey title";

---

[3] This Court previously has held that, "[a]s a general rule, a court entertaining a declaratory judgment action in an insurance coverage case should refrain from determining the insurer's duty to indemnify until the insured is found liable for damages in the underlying action." *See* Victoria Ins. Co. v. Mincin Insulation Servs., Inc., 2009 WL 90644, *6 (W.D. Pa. Jan. 14, 2009) (citation to quoted source omitted, emphasis added). While this is an accurate statement of the law, the Court may, in its discretion, determine that the general rule should not be applied given the specific claims and circumstances presented. *See* C.S. v. Colony Ins. Co., 2010 WL 2841396, 12 Pa. D. & C. 5th 171, 181-82 (Pa. Comm. Pls. Mar. 29, 2010) (decision whether to defer ruling pending resolution of underlying case is discretionary) (collecting cases); Trigiani v. Amer. Title Ins. Co., 573 A.2d 230, 231 (Pa. Super. 1990) (under title insurance policy, "liability . . . attach[es]" when it becomes apparent that "the insured [has gotten] a bad title, or the policy has been otherwise breached"; quantum of damages/relief is separate matter) (citation to quoted source omitted); *see also* cases cited *supra*, in text (duty to defend carries conditional obligation to indemnify, and declaratory judgment action may address duty to indemnify without reaching amount of indemnification).

and that Plaintiff is "barred from asserting any right, lien, title or interest" in the Property. *See* Am. Compl. in quiet title action (filed under Doc. 48-3) at ¶¶ 15, 17-18, 21 *and* at Wherefore clause (emphasis added). Plaintiff has identified no fewer than five independent coverage clauses in the Policy that are implicated by the quiet title pleadings, most obviously the Wallaces' claim that they have title over the Property rather than the Mortgagor. *See* Pl.'s Br. (Doc. 61) at 4. Taking the quiet title allegations as true, they unquestionably fall within the scope of the Policy.

In response, Defendant has argued that: (1) Plaintiff has not suffered any "loss or damage" under the Policy; (2) the county's refusal to validate the Deed did not result in defective title; and (3) Plaintiff's claims are excluded under the Policy's "police power" exclusion. *See* Def.'s Br. (Doc. 62) at 2. Arguments (1) and (2), which Defendant initially raised prior to Plaintiff's specifically requesting a judicial declaration regarding the duty to defend, no longer are tenable. *See* discussions *supra*; *see also* Jerry's Sport, 2 A.3d at 541 (if complaint "might or might not" fall within the policy's coverage, insurer is obliged to defend). Thus, the only matter remaining is the Policy's police power exclusion.

The Policy excludes coverage for losses or damages that:

> arise by reason of [a]ny law, ordinances or government regulation (including but not limited to building zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use or enjoyment of the land; (ii) the character, dimensions, or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part . . . .

*See* Def.'s Br. (Doc. 45) at 3 (quoting Policy). Defendant argues that, because the Wallaces claim that the Deed was rejected for lack of compliance with local/county regulations,

the exclusion applies. *Compare id.* at 10-12 *with* Am. Compl. in quiet title action at ¶¶ 9-10, 17-18 (explaining that subdivision for Property was rejected for failure to comply with local ordinances, and that County refused to process Deed based on absence of approved subdivision plan). In essence, Defendant takes the position that, because the purported but-for cause of the Wallaces' claim to title in the Property relates to the application of government regulations, the police power exclusion warrants a denial of coverage.

This argument fails on multiple grounds. First, for the purposes of the duty to defend, "[i]t is not the actual details of the injury, but the nature of the claim which determines whether the insurer is required to defend." *See* discussion *supra* (emphasis added). The nature of the Wallaces' claim is that they possess title to the Property, and the actual details leading to their purported injury are inapposite.

Second, none of the decisions cited by Defense counsel have read the policy power exclusion as broadly as Defendant urges. *See* Pl.'s Br. (Doc. 49) at 7 n.4 (effectively distinguishing cases cited by Defendant). As Plaintiff's counsel have aptly summarized:

> [T]he . . . Policy[,] like most title policies[,] provides protection against defects in, or liens or encumbrances on, title, but affords no protection for governmentally-imposed impediments on the use of land or for impairments in the value of land . . . . Here, [Plaintiff's] inability to enforce its [mortgage interest] is not the result of any zoning ordinance or other governmental restriction regulating or affecting the use of [the Property]. To the contrary, [Plaintiff's] losses are the direct result of the Mortgagor's inability to establish . . . title to the . . . Property – an event that is specifically covered under the Policy.

*Id.* at 15. The Court agrees, and Defendant's arguments to the contrary are rejected.

Finally, even assuming the police power exclusion reasonably may be interpreted as Defense counsel proposes, Defendant has failed to meet its burden of demonstrating that the

5

exclusion is unambiguous. *See* Wall Rose Mut. Ins. Co. v. Manross, 939 A.2d 958, 962-63 (Pa. Super. 2007) ("[w]hen an insurer relies on a policy exclusion as the basis for its denial of coverage and refusal to defend, the insurer . . . bears the burden of proving such a defense") (citation omitted). In order for an exclusion to be given effect, it must be "clear[,] exact and unambiguous." *Id.* at 963. "Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Id.* (citation to quoted source omitted). This question is not "resolved in a vacuum," and "contractual terms are ambiguous if they are subject to more than one reasonable interpretation <u>when applied to a particular set of facts</u>." *Id.* (emphasis added).

As explained above, the Wallaces unequivocally claim title over the Property, and this is precisely the type of dispute contemplated under the Policy. Even assuming Defendant's interpretation of the police power exclusion is reasonable, it is equally, if not more, reasonable to conclude that the exclusion does not apply for the reasons explained above. At best, the Policy exclusion is ambiguous, and it therefore must be construed in favor of coverage. *See id.* at 963 (recognizing same, citation omitted).

For all of the reasons stated above, the Court enters the following:

## II. ORDER

Defendant's Motions for Summary Judgment (**Doc. 42**) is **DENIED**; Plaintiff's Motion for Summary Judgment (**Doc. 37**) is **GRANTED**, to the extent described above; and the Court hereby DECLARES and DECREES that Defendant owes a duty of defense, and a concomitant duty to indemnify, in the quiet title action pending against Plaintiff in state court.

IT IS SO ORDERED on this _____14th_____ day of February, 2011.

                                                                    s/Donetta W. Ambrose
                                                                    Donetta W. Ambrose
                                                                    United States District Judge

cc (via ECF e-mail notification):

All Counsel of Record